**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| SENTINEL INSURANCE COMPANY, LTD, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. |
| HEALTH DATA SYSTEMS, INC., and HDSI EQUIPMENT CORP., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff SENTINEL INSURANCE COMPANY, LTD. ("Sentinel") by its attorneys Michael J. Duffy and Michael J. O'Malley of Wilson Elser Moskowitz Edelman & Dicker LLP, and for its Complaint for Declaratory Judgment against Defendants HEALTH DATA SYSTEMS, INC. ("Health Data") and HDSI EQUIPMENT CORP. ("HDSI", and collectively, the "Health Defendants"), states as follows:

## STATEMENT OF THE CASE

1.     This action seeks a declaration, pursuant to 28 U.S.C. §2201, that Sentinel owes no insurance coverage obligations to the Health Defendants under certain policies of insurance issued by Sentinel to the Health Defendants in connection with a lawsuit filed against the Health Defendants styled as *Saroya Roberson, Olabisi Bodunde, and Nicholle Headley, individually and on behalf of all other similarly situated v. HDSI Equipment Corp. and Health Data Systems, Inc.,* Case No. 22-LA-0564 currently pending in the in the Twentieth Judicial Circuit Court in St. Clair, County, Illinois (the "Underlying Action").

## JURISDICTION AND VENUE

2.     Sentinel is an insurance company formed under the laws of the State of Connecticut with its principal place of business in Connecticut.

3.     Health Data is an Illinois corporation with its principal place of business in Cook County, Illinois.

4.     HDSI is an Illinois corporation with its principal place of business in Cook County, Illinois.

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00 exclusive of costs and interest and the parties are citizens of different states.

6.     Venue is proper in this District pursuant to 28 U.S.C. §1391 as Defendants conduct business in this District and the Underlying Action is pending within the geographical boundaries of this District.

## FACTS

7.     On May 16, 2023, Saroya Roberson ("Roberson"), Olabisi Bodunde ("Bodunde"), and Nicholle Headley ("Headley" and collectively, "Underlying Plaintiffs") commenced the Underlying Action on behalf of themselves and a class of similarly situated individuals to obtain statutory relief under the Illinois Biometric Privacy Act ("BIPA"), 740 ILSC § 14/1, *et seq*.   A true and accurate copy of the Complaint in the Underlying Action is attached hereto as "**Exhibit A**."

8.     The Underlying Action alleges that the Health Defendants' products are used in the Underlying Plaintiffs' workplace to collect, obtain, store and disseminate their own and other employees' biometric information in violation of BIPA. (Ex. A).

287074884v.1
212313182_1 LAW

9.      According to the Complaint, the Health Defendants hold themselves out to be "a leading provider of software solutions across the long term care industries" and that their business "includes providing long-term care facilities with software and hardware that allows them to scan the fingerprints of their employees for tracking time spent working or other purposes . . ." (Ex. A, ¶¶ 4-5.)

10.     The Health Defendants allegedly integrated their biometric timekeeping devices across a number of facilities within Illinois. (Ex. A.)

11.     The putative class is defined as "All Illinois residents whose biometric information or biometric identifiers were collected, captured, purchased, received through trade, or otherwise obtained by HDSI Equipment Corp. or Health Data Systems, Inc." (Ex. A, ¶ 37.)

12.     Underlying Plaintiffs seek statutory penalties, redress and curtailment under BIPA of the Health Defendants' collection, use, storage and disclosure of sensitive and proprietary biometric identifiers and information collected at their place of employment. (Ex. A.)

13.     Sentinel issued policy number 83 SBA PW4300 with the following effective dates:

- April 26, 2018 to April 26, 2019 (the "2018-19 Policy");

- April 26, 2019 to April 26, 2020 (the "2019-20 Policy");

- April 26, 2020 to April 26, 2021 (the "2020-21 Policy");

- April 26, 2021 to April 26, 2022 (the "2021-22 Policy");

- April 26, 2022 to April 26, 2023 (the "2022-23 Policy"); and

- April 26, 2023 to April 26, 2024 (the "2023-24 Policy", and collectively, the "Policies").

14.     True and accurate copies of the Policies are attached, respectively, as Exhibits B-G.

287074884v.1
212313182_1 LAW

15.     Each Sentinel Policy includes Primary General Liability Coverage under Business Liability Coverage Form SS00080405, as modified by applicable endorsements, and also provides certain primary claims-made Employment Practice Liability Coverage under Form SS09011214. *See* Exs. B-G.

16.     The Policies also provide Umbrella Coverage under Form SX80020405, as amended by various endorsements ("Umbrella Coverage Form").  *See* Exs. B-G.

17.     The Primary General Liability Coverage Part of the Policies provides in part:

A.     *COVERAGES*

1.     *Business Liability Coverage (Bodily Injury, Property Damage, Personal and Advertising Injury) Insuring Agreement*

a.     *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.*

b.     *This insurance applies:*

(1)     *To "bodily injury" and "property damage" only if:*

(a)     *The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*

4

> > > (b) The "bodily injury" or "property damage" occurs during the policies period;
> >
> > \*       \*       \*
> >
> > > (2) To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policies period.

Exs. B-G.

13.      Section G- Definitions of the Primary General Liability Coverage Part provides:

> \*       \*       \*
>
> > 5.      "Bodily injury" means physical:
> >
> > > a.      injury
> > > b.      sickness; or
> > > c.      disease
> >
> > sustained by a person and, if arising out of the above, mental anguish or death at any time.
> >
> > \*       \*       \*
> >
> > 16.      "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
> >
> > 17.      "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
> >
> > > a.      False arrest, detention or imprisonment;
> > >
> > > b.      Malicious prosecution;
> > >
> > > c.[1]   The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises

---

[1] As amended by Business Liability Coverage Form Amendatory Endorsement SS 00 60 09 15.

5

*that the person occupies, committed by or on behalf of its owner, landlord or lessor;*

d.   *Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;*

e.   *Oral, written or electronic publication of material that violates a person's right of privacy.*

f.   *Copying, in your "advertisement", a person's or organization's "advertising idea" or style of "advertisement".*

g.   *Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement."[2]*

\*        \*        \*

20.   *"Property Damage" means:*

a.   *Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it: or*

b.   *Loss of use of tangible property that is not physically injured. All such loss of use shall*

---

[2] The 2018-19 Policy and the 2019-20 Policy contain an endorsement entitled "Personal and Advertising Injury Exclusion – Limited", Form SS50501201, which excludes "personal and advertising injury" coverage except for three enumerated offenses. It which states:

*This insurance does not apply to "personal and advertising injury" and none of the references to "personal and advertising injury" in the policy apply.*

*This exclusion does not apply to "personal and advertising injury" arising out of the following offenses:*

*a.   False arrest, detention or imprisonment;*

*b.   Malicious prosecution; or*

*c.   The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that the person occupies, committed by or on behalf of its owner, landlord or lessor.*

6

*be deemed to occur at the time of "occurrence" that caused it. . . .*

\*       \*       \*

Exs. B-G.

14.     The Primary General Liability Coverage Part contains the following Exclusions:

B.     *EXCLUSIONS*

1.     *Applicable to Business Liability Coverage*

*This insurance does not apply to:*

a.     *Expected or Intended Injury*

\*       \*       \*

(2)     *Personal and advertising injury arising out of an offense committed by, at the direction of or with the consent of acquiescence of the insured with the expectation of inflicting personal and advertising injury.*

\*       \*       \*

j.     *Professional Services[3]*

*"Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional service. This includes but is not limited to:*

\*       \*       \*

(11)     *Computer consulting, design, or programming services, including web site design.*

\*       \*       \*

---

[3] The Technology Services Extension Endorsement, Form SS 40 59 03 16, adds that this exclusion does not apply to "bodily injury" or "property damage" arising out of the insured's "technology services" as defined.

7

p.   *Personal and Advertising Injury*

"*Personal and advertising injury*"

\*       \*       \*

*(2)   Arising out of oral, written or electronic publication of material whose first publication took place before the beginning of the policies period;*

\*       \*       \*

*(8)[4]   Arising out of an offense committed by an insured whose business is:*
*(a) Advertising, broadcasting, publishing or telecasting;*
*(b) Designing or determining content of web site for others;*
*(c) An internet search, access, content or service provider.*

*However, this exclusion does not apply to Paragraphs a., b., and c. of the definition of "personal and advertising injury" under the Definitions Section . . .*

\*       \*       \*

*(11)   Arising out of the violation of a person's right of privacy created by any state or federal act. However, this exclusion does not apply to liability for damages that the insured would have in the absence of such state or federal act;*

\*       \*       \*

*(15)   Arising out of any access to or disclosure of any person's or organization's confidential or person information, including patents, trade*

---

[4] Section B. Exclusions 1.p. (8) and (15) are quoted as amended by the endorsement entitled "Business Liability Coverage Form Amendatory Endorsement", Form SS 00 60 09 15.

8

> secrets, processing methods,
> customer lists, financial information,
> credit card information, health
> information or any other type of
> nonpublic information. This
> exclusion applies even if damages are
> claimed for notification costs, credit
> monitoring expenses, forensic
> expenses, public relations expenses
> or any other loss, cost or expense
> incurred by you or others arising out
> of any access to or disclosure of any
> person's or organization's
> confidential or personal information.

> \* \* \*

> r. *Employment-Related Practices*[5]

> *"Personal and advertising injury" to:*

> (1) A person arising out of any
> "employment-related practices". . .;

> \* \* \*

> This exclusion applies:

> (a) Whether the injury-causing
> event described in the
> definition of "employment-
> related practices" occurs
> before employment, during
> employment or after
> employment of that person;

> (b) Whether the insured may be
> liable as an employer or in
> any other capacity; and

> (c) To any obligation to share
> damages with or repay
> someone else who must pay

---

[5] Section B. Exclusion r. is quoted as amended by the endorsement entitled "Business Liability Coverage Form Amendatory Endorsement", Form SS 00 60 09 15.

287074884v.1
212313182_1 LAW

*damages because of the injury.*

\* \* \*

t.    *Violation of Statutes That Govern E-Mails, Fax, Phone Calls or other Methods of Sending Material or Information:*

*"Bodily Injury" or "property damage" or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:*

1)    *The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;*

2)    *The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or*

3)    *Any statute, ordinance or regulation, other than the TCPA, or CAN-SPAM Act of 2003, that prohibits, or limits the sending, transmitting, communicating or distribution of material or information.*

\* \* \*

Exs. B-G.

15.    Subject to all of their terms, the Policies also contain certain claims-made

Employment Practices Liability Coverage (EPLI) which provides in part:

**EMPLOYMENT PRACTICES LIABILITY COVERAGE FORM (CLAIMS MADE)**

**NOTICE: COVERAGE PROVIDED BY THIS COVERAGE PART IS CLAIMS MADE COVERAGE. EXCEPT AS OTHERWISE SPECIFIED HEREIN: COVERAGE APPLIES**

10

*ONLY TO A CLAIM FIRST MADE AGAINST THE INSUREDS DURING THE POLICY PERIOD AND WHICH HAS BEEN REPORTED TO US IN ACCORDANCE WITH THE APPLICABLE NOTICE PROVISIONS . . .*

\*      \*      \*

## SECTION I – INSURING AGREEMENT

### Employment Practices Liability

*We shall pay "loss" on behalf of the "insured" resulting from an "employment practices claim" first made against the "insureds" during the "policy period" or Extended Reporting Period, if applicable, for an "employment practices wrongful act" by the "insureds".*

## SECTION II - DEFINITIONS

\*      \*      \*

C.      *"Claim" means any "employment practices claim."*

\*      \*      \*

F.      *"Damages" means the amounts, other than "claim expenses", that the "insureds" are legally liable to pay solely as a result of a "claim" covered by this Coverage Part, . . .*

*However, "damages" shall not include:*

a.  *Taxes, fines or penalties imposed by law;*
b.  *Non-monetary relief;*

*With respect to the insurability of punitive or exemplary damages in the state of Illinois, "damages" does not include coverage for punitive or exemplary damages assessed as a result of the "insured's" own misconduct.[6]*

\*      \*      \*

I.      *"Employee" means any natural person who was, is or shall become a(n):*

---

[6] The definition of damages is amended by the Illinois Changes – Employment Practices Liability Endorsement, Form SS 09 06 12 14.

      1.      *employee of an "insured entity" including any part time, seasonal, temporary, leased, or loaned employee; or*

      2.      *volunteer or intern with an "insured entity."*

*     *     *

K.     *"Employment practices claim" means any:*

      1.      *written demand for monetary damages or other civil non-monetary relief commenced by the receipt of such demand, including, without limitation, a written demand for employment reinstatement;*

      2.      *civil proceeding, including an arbitration or other alternative dispute resolution proceeding, commenced by the service of a complaint, filing of a demand for arbitration or similar pleading; or*

      3.      *form administrative or regulatory proceeding, including, without limitation, a proceeding before the Equal Employment Opportunity Commission or similar governmental agency, commenced by the filing of a notice of charges, formal investigative order or similar document;*

*by or on behalf of an "employee," an applicant for employment with an "insured entity," or an "independent contractor."*

*     *     *

*"Employment practices claim" also means the receipt of a notice of violation, order to show cause, or a written demand for monetary or injunctive relief that is the result of an audit conducted by the United States Office of Federal Contract Compliance Programs.*

*"Employment practices claim" also means a written request to the "insureds" to toll or waive a statute of limitations regarding a potential "Employment practices claim" as described above. Such "claim" shall be commenced by the receipt of such request.*

12

However, "employment practices claim" shall not include any labor or grievance proceeding or arbitration that is subject to a collective bargaining agreement.

L.     "Employment practices wrongful act" means:

1.     wrongful dismissal, discharge, or termination of employment (including constructive dismissal, discharge, or termination), wrongful failure or refusal to employ or promote, wrongful discipline or demotion, failure to grant tenure, negligent employment evaluation, or wrongful deprivation of career opportunity;

2.     sexual or other workplace harassment, including bullying in the workplace, quid pro quo and hostile work environment;

3.     employment discrimination, including discrimination based upon age, gender, race, color, creed, marital status, sexual orientation or preference; gender makeup, or refusal to submit to genetic makeup testing, pregnancy, disability, HIV or other health status, Vietnam Era Veteran or other military status, or other protected status established under federal, state, or local law;

4.     "Retaliation";

5.     breach of any oral, written, or implied employment contract, including, without limitation, any obligation arising from a personnel manual, employee handbook, or policy statement; or

6.     violation of the Family and Medical Leave Act.

"Employment practices wrongful act" also means the following, but only when alleged in addition to or as part of any "employment practices wrongful act" described above:

a.     employment-related wrongful infliction of mental anguish or emotional distress;

b.     failure to create, provide for or enforce adequate or consistent employment-related policies and procedures;

13

   c. *negligent retention, supervision, hiring or training;*

   d. *employment-related invasion of privacy, defamation, or misrepresentation; or*

   e. *an "employee data privacy wrongful act."*

*  *  *

(Exs. B-G).

  16. The Policies also contain certain Umbrella Liability Coverage through the Insuring Agreement of Umbrella Liability Provisions Form SX80020405, as amended by endorsements SX24330610 and SX23151215.  The Insuring Agreement provides:

> *We will pay those sums that the 'insured' becomes legally obligated to pay as 'damages' in excess of the 'underlying insurance'[7] or of the 'self-insured retention' when no 'underlying insurance' applies, because of 'bodily injury', 'property damage', or 'personal and advertising injury' to which this insurance applies caused by an 'occurrence.'*

*  *  *

Exs. B-G.

  17. The Umbrella Liability Coverage Part also provides the following definition:

> D. *"Damages" means a monetary award, monetary settlement or monetary judgment. "Damages" include prejudgment interest awarded against the "insured" on that part of the judgment we pay.*
>
> *The following are not considered damages and are not covered by this policy:*
>
> *1. Fines, penalties, sanctions or taxes;*
> *2. Attorney's fees and costs associated with any non-monetary relief awarded against the "insured"; or*
> *3. Any monetary award, monetary settlement or monetary judgment for which insurance is prohibited by the law(s) applicable to the construction of this policy.*

Exs. B-G.

---

[7] Underlying Insurance is that set forth in the schedule of underlying insurance which in this case is the Primary General Liability Coverage noted above.

14

18.     Umbrella Form SX24330610 "Following Form Endorsement- "Personal and Advertising Injury" provides:

> *This endorsement modifies insurance provided under the following:*
>
> *UMBRELLA POLICIES PROVISIONS*
>
> *Exclusion B.4 (Section I – Coverages), is replaced by the following:*
>
> *4.     Personal and Advertising Injury*
>
> *This policy does not apply to "personal and advertising injury."*
>
> *EXCEPTION*
>
> *This exclusion does not apply to the extent that coverage for such "personal and advertising injury" is provided by "underlying insurance", but in no event shall any "personal and advertising injury" coverage provided under this policy apply to any claim or "suit" to which "underlying insurance" does not apply. Any coverage restored by this EXCEPTION applies only to the extent that such coverage provided by the "underlying insurance" is maintained having limits as set forth in the Schedule of Underlying Insurance Policies.*

Exs. B-G.

19.     The Umbrella Coverage Part also states:

> *This insurance does not apply:*
>
> *         \*          \*          \**
>
> *18.     Employment Practices Liability*
>
> *Any injury or damage to:*
>
> *1.     Person arising out of any:*
>
> *(a)     Refusal to employ that person;*
>
> *(b)     Termination of that person's employment; or*
>
> *(c)     Any employment-related practices, polices, acts or omissions, such as coercion,*

*demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person*

\*    \*    \*

*This exclusion applies:*

*Whether the "insured" may be liable as an employer or in any other capacity*

\*    \*    \*

22.   *Access Or Disclosure of Confidential Or Personal Information And Data-related Liability[8]*

   *Damages arising out of:*

   (1)   *Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or*

   (2)   *The loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.*

   *This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses for any other loss, cost or expense incurred by you or others arising out of that which is described in Paragraph (1) or (2) above.*

\*    \*    \*

24.   *Violation Of Statutes That Govern E-Mails, Fax, Phone Calls Or Other Methods Of Sending Material Or Information*

---

[8] Quoted as amended by Endorsement SX 23 15 12 15

16

> *"Bodily injury", "property damage", or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:*
>
> a.    *The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;*
>
> b.    *The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or*
>
> c.    *Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.*
>
> \*     \*     \*

Exs. B-G.

    20.    The Umbrella Liability Coverage also contains the following endorsement SX 23 15 12 15:

> \*     \*     \*
>
> A.    *The following is added to Exclusions, B.4 Personal and Advertising Injury of Section 1-COVERAGES:*
>
> *This insurance does not apply to:*
>
> > *Access Or Disclosure Of Confidential Or Personal Information*
> >
> > *"Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.*
> >
> > *This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss,*

17

> *cost or expense incurred by you or others*
> *arising out of any access to or disclosure of*
>
>
> *any person's or organization's confidential*
> *or personal information.*
>
> \*      \*      \*

Exs. B-G.

21. The Umbrella Liability Coverage also contains the following endorsement, Limitation of Coverage – Technology Services, Form SX 22 95 10 08:

> *This insurance does not apply to:*
>
> 1. *"Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render professional services, including "technology services," as defined in this endorsement. This exclusion applies whether "technology services" are performed by you or by others on your behalf.*
>
> 2. *Any injury or damage resulting from the "hazardous properties" of "nuclear material" if the injury or damage arises out of any "technology services" in connection with the planning, construction, maintenance or use of any "nuclear facility". For the purposes of this exclusion, injury or damage includes all forms of radioactive contamination of property.*
>
> **EXCEPTION**
>
> *However, exclusion 1. above does not apply to the extent that the underlying insurance applies to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render "technology services."*
>
> \* \* \*
>
> *As used in this endorsement, "technology services" means the following:*
>
> ***a.*** *Consulting, analysis, design, installation, training, maintenance, support and repair of or on: software, wireless applications, firmware, shareware, networks, systems, hardware, devices or components;*
> ***b.*** *Integration of systems;*
> ***c.*** *Processing of, management of, mining or warehousing of data;*

18

     **d.**     *Administration, management, operation or hosting of: another party's systems, technology or computer facilities;*

     **e.**     *Website development; website hosting;*

     **f.**     *Internet access services; intranet, extranet or electronic information connectivity services; software application connectivity services;*

     **g.**     *Manufacture, sale, licensing, distribution, or marketing of: software, wireless applications, firmware, shareware, networks, systems, hardware, devices or components;*

     **h.**     *Design and development of: code, software or programming; and*

     **i.**     *Providing software application: services, rental or leasing.*

Exs. B-G

22.     Sentinel denies any obligation to provide defense and/or indemnification coverage to the Health Defendants in connection with the Underlying Action under the Policies.

23.     An actual controversy exists between Sentinel and the Health Defendants as to the availability of insurance coverage with respect to the claims in the Underlying Action under the Policies, and pursuant to 28 U.S.C. §2201, this Court is vested with the power to declare the rights and liabilities of the Parties hereto and to give such other and further relief as many be necessary.

### COUNT I
### No Claim For Damages Because of "Bodily Injury", "Property Damage" Caused by an "Occurrence" or "Personal and Advertising Injury"

24.     Sentinel incorporates and restates the allegations of Paragraphs 1 through 23 above as if fully set forth herein.

25.     Subject to all of its terms, the Policies only provide coverage for claims for "damages" because of "bodily injury" or "property damage" caused by an "occurrence" or "personal and advertising injury" as those terms are defined and used in the Policies.

26.     The Underlying Action does not allege a claim for "damages" because of "bodily injury" or "property damage" caused by an "occurrence" or "personal and advertising injury" as those terms are defined and used in the Policies.

27.     Thus, Sentinel owes no defense or indemnity obligations to the Health Defendants for the claims against it in the Underlying Action.

WHEREFORE, Plaintiff, Sentinel, prays that this Court enter the following relief:

A.      A declaration finding that Sentinel owes no duty to defend and/or indemnify the Health Defendants for the claims against them in the Underlying Action under the Policies; and

B.      For all such just and equitable relief, including costs of this suit.

**COUNT II**
**Statutory Right of Privacy Exclusions Preclude Coverage**

28.     Sentinel incorporates and restates the allegations of Paragraphs 1 through 23 above as if fully set forth herein.

29.     The Statutory Right of Privacy Exclusion in the Primary General Liability Coverage Part precludes coverage for "personal and advertising injury" arising out of a person's right of privacy created by any state or federal act.

30.     The only claims pled in the Underlying Action are claims under Illinois' BIPA, a privacy statute.

31.     To the extent any "personal and advertising injury" is alleged in the Underlying Action, the Statutory Right of Privacy Exclusion precludes coverage under the Primary General Liability Coverage Part.

32.     Therefore, Sentinel owes no defense or indemnity obligations to the Health Defendants for the claims against them in the Underlying Action.

WHEREFORE, Plaintiff, Sentinel, prays that this Court enter the following relief:

287074884v.1
212313182_1 LAW

A.      A declaration finding that Sentinel owes no duty to defend and/or indemnify the Health Defendants for the claims against them in the Underlying Action under the Policies; and

B.      For all such just and equitable relief, including costs of this suit.

## COUNT III
## Employment-Related Practices Exclusions Preclude Coverage

33.     Sentinel incorporates and restates the allegations of Paragraphs 1 through 23 above as if fully set forth herein.

34.     The Employment-Related Practices Exclusions in the Primary General Liability Coverage Part and Umbrella Liability Coverage Part preclude coverage for claims arising out of any employment-related practices, irrespective of whether the Health Defendants are sought to be held liable as an employer.

35.     To the extent there is any "personal and advertising injury," the claims in the Underlying Action against the Health Defendants are excluded from coverage by the Employment-Related Practices Exclusions.

36.     Consequently, Sentinel owes no defense or indemnity obligations to the Health Defendants for the claims against it in the Underlying Action.

WHEREFORE, Plaintiff, Sentinel, prays that this Court enter the following relief:

A.      A declaration finding that Sentinel owes no duty to defend and/or indemnify the Health Defendants for the claims against them in the Underlying Action under the Policies; and

B.      For all such just and equitable relief, including costs of this suit.

21

**COUNT IV**
**Access or Disclosure Exclusions Preclude Coverage**

37.   Sentinel incorporates and restates the allegations of Paragraphs 1 through 23 above as if fully set forth herein.

38.   The Access or Disclosure Exclusions preclude coverage under the Primary General Liability Coverage and Umbrella Liability Coverage Parts for damages that arise out of access to or disclosure of any individuals' confidential or personal information, including health information or any other type of nonpublic information.

39.   To the extent that there is any "personal and advertising injury," the Access or Disclosure Exclusions in the Policies bar coverage under the Primary General Liability Coverage and Umbrella Liability Coverage Parts for the claims alleged in the Underlying Action.

40.   Accordingly, there is no duty to defend or indemnify the Health Defendants for the claims them the Underlying Action.

WHEREFORE, Plaintiff, Sentinel, prays that this Court enter the following relief:

A.   A declaration finding that Sentinel owes no duty to defend and/or indemnify the Health Defendants for the claims against them in the Underlying Action under the Policies; and

B.   For all such just and equitable relief, including costs of this suit.

**COUNT V**
**Violation of Statutes Exclusions Preclude Coverage**

41.   Sentinel incorporates and restates the allegations of Paragraphs 1 through 23 above as if fully set forth herein.

42.   The Violation of Statutes Exclusions preclude coverage under the Primary General Liability Coverage and Umbrella Liability Coverage Parts for damages that arise directly or

22

indirectly out of any act or omission that violates or is alleged to violate any statute that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

43.     To the extent that there is any "personal and advertising injury," the Violation of Statutes Exclusions in the Policies bar coverage under the Primary General Liability Coverage and Umbrella Liability Coverage Parts for the claims alleged in the Underlying Action.

44.     Accordingly, there is no duty to defend or indemnify the Health Defendants for the claims in the Underlying Action.

WHEREFORE, Plaintiff, Sentinel, prays that this Court enter the following relief:

A.     A declaration finding that Sentinel owes no duty to defend and/or indemnify the Health Defendants for the claims against them in the Underlying Action under the Policies; and

B.     For all such just and equitable relief, including costs of this suit.

<u>**COUNT VI**</u>
<u>**Expected or Intended Exclusions Preclude Coverage**</u>

45.     Sentinel incorporates and restates the allegations of Paragraphs 1 through 23 above as if fully set forth herein.

46.     The Expected or Intended Exclusion bars coverage for "personal and advertising injury" arising out of an offense committed by or with the consent or acquiescence of the insured with the expectation of inflicting personal and advertising injury.

47.     Even if the claims in the Underlying Action alleged claims for "personal and advertising injury," the Expected or Intended Exclusions bar coverage for any such claims.

48.     Therefore, there is no duty to defend or indemnify the Health Defendants for the claims in the Underlying Action.

WHEREFORE, Plaintiff, Sentinel, prays that this Court enter the following relief:

23

A.      A declaration finding that Sentinel owes no duty to defend and/or indemnify the Health Defendants for the claims against them in the Underlying Action under the Policies; and

B.      For all such just and equitable relief, including costs of this suit.

## COUNT VII
## Prior Publication Exclusions Preclude Coverage

49.      Sentinel incorporates and restates the allegations of Paragraphs 1 through 23 above as if fully set forth herein.

50.      The Prior Publication Exclusions preclude coverage for "personal and advertising injury" that arises out of publication of material which first took place before the policy began.

51.      The Policies, subject to all of their terms, only provide coverage for the defined effective period.

52.      To the extent that there is any "personal and advertising injury," there is no coverage for any "personal and advertising injury" arising out of publication of material whose first publication took place before the inception of the first policy issued by Sentinel.

53.      Therefore, Sentinel owes no coverage to the Health Defendants for such claims in the Underlying Action.

WHEREFORE, Plaintiff, Hartford, prays that this Court enter the following relief:

A.      A declaration finding that Sentinel owes no duty to defend and/or indemnify the Health Defendants for such claims against them in the Underlying Action under the Policies; and

B.      For all such just and equitable relief, including costs of this suit.

287074884v.1
212313182_1 LAW

## COUNT VIII
## No Coverage for Uncovered Business Operations

54.     Sentinel incorporates and restates the allegations of Paragraphs 1 through 23 above as if fully set forth herein.

55.     The Policies exclude coverage for "personal and advertising injury" arising out of an offense committed by an insured whose business is an internet search, access, content or service provider.

56.     The Health Defendants' description of business is reflected in the Policies as "Internet Access & Service Provider" and the Underlying Complaint alleges that the Health Defendants' biometric timekeeping devices integrate with software platforms allowing for the transmission of biometric data collected to the Health Defendants' servers and to third parties.

57.     Accordingly, the Uncovered Business Operations Exclusions exclude coverage and therefore there are no duties owed under the Policies for the Underlying Action.

WHEREFORE, Plaintiff, Sentinel, prays that this Court enter the following relief:

A.     A declaration finding that Sentinel owes no duty to defend and/or indemnify the Health Defendants for this relief in the Underlying Action under the Policies; and

B.     For all such just and equitable relief, including costs of this suit.

## COUNT IX
## Professional Services Exclusions Preclude Coverage

58.     Sentinel incorporates and restates the allegations of Paragraphs 1 through 23 above as if fully set forth herein.

59.     The Policies exclude coverage for "personal and advertising injury" arising out of the rendering of or failure to render any professional service, including any computer consulting, design, or programming services, or "technology services", as defined.

60.     The Underlying Complaint alleges damages arising from, among other things, the Health Defendants' design and programing services in connection with providing the hardware and software associated with the biometric timekeeping devices.

61.     To the extent any the Underlying Complaint alleges "personal and advertising injury", the Professional Services Exclusion bars coverage.

WHEREFORE, Plaintiff, Sentinel, prays that this Court enter the following relief:

A.      A declaration finding that Sentinel owes no duty to defend and/or indemnify the Health Defendants for this relief in the Underlying Action under the Policies; and

B.      For all such just and equitable relief, including costs of this suit.

## COUNT X
## No EPLI Coverage

62.     Sentinel incorporates and restates the allegations of Paragraphs 1 through 23 above as if fully set forth herein.

63.     The EPLI Coverage is claims made coverage and is only triggered by claims first made during the policy period in effect at the time the first claim is made.

64.     The claims involved in the Underlying Action appear to have been first made during the 2023-24 Policy. Thus, any EPLI Coverage in the other Policies is inapplicable.

65.     The EPLI Coverage in the 2023-24 Policy is inapplicable as the claims in the Underlying Action are not claims resulting from an "employment practices claim" or an "employment practices wrongful act" as defined and required by the Policy.

66.     The claims in the Underlying Action are not made by the Health Defendants' "employees" or "independent contractors" as defined in the Policy, therefore they are not "employment practices claims" as defined.

26

67.     Moreover, the Underlying Action does not concern an "employment practices wrongful act" insofar as they do not fall within the six enumerated categories of claims in that definition.

68.     Therefore, Sentinel owes no coverage to the Health Defendants for the claims in the Underlying Action.

WHEREFORE, Plaintiff, Sentinel, prays that this Court enter the following relief:

A.     A declaration finding that Sentinel owes no duty to defend and/or indemnify the Health Defendants in the Underlying Action under the Policies; and

B.     For all such just and equitable relief, including costs of this suit.

### COUNT XII
### No Umbrella Coverage

69.     Sentinel incorporates and restates the allegations of Paragraphs 1 through 23 above as if fully set forth herein.

70.     The Umbrella Coverage Part follows form to the Primary General Liability Coverage Part with respect to any potential "personal and advertising injury".

71.     Therefore, for the reasons outlined with respect to the Primary General Liability Coverage Part above, there is also no potential coverage for this claim under the Umbrella Coverage Part.

WHEREFORE, Plaintiff, Sentinel, prays that this Court enter the following relief:

A.     A declaration finding that Sentinel owes no duty to defend and/or indemnify the Health Defendants in the Underlying Action under the Policies; and

B.     For all such just and equitable relief, including costs of this suit.

27

Case 3:23-cv-03197-RJD   Document 1   Filed 09/25/23   Page 28 of 30   Page ID #28

**COUNT XIII**
**No Damages Under EPLI or Umbrella Coverages**

72.     Sentinel incorporates and restates the allegations of Paragraphs 1 through 23 above as if fully set forth herein.

73.     The term "damages" under the EPLI and Umbrella Coverage Parts does not include taxes, fines or penalties imposed by law.

74.     The term "damages" under the EPLI and Umbrella Coverage Parts also does not include non-monetary relief.

75.     To the extent the damages sought under BIPA constitute fines or penalties imposed by law, coverage is not afforded under the EPLI or Umbrella Coverage Parts.

76.     The Underlying Action also seeks injunctive relief, which is also not considered damages and is also not covered under the EPLI or Umbrella Coverage Parts.

77.     Therefore, Sentinel owes no coverage to the Health Defendants for the claims in the Underlying Action.

WHEREFORE, Plaintiff, Sentinel, prays that this Court enter the following relief:

A.     A declaration finding that Sentinel owes no duty to defend and/or indemnify the Health Defendants in the Underlying Action under the Policies; and

B.     For all such just and equitable relief, including costs of this suit.

**COUNT XIV**
**HDSI is Not an Insured or Additional Insured**

78.     Sentinel incorporates and restates the allegations of Paragraphs 1 through 23 above as if fully set forth herein.

79.     Upon information and belief, HDSI is a predecessor-in-interest to Health Data.

28

287074884v.1
212313182_1 LAW

80.     HDSI is not listed as an insured an insured or named insured under the Policies, nor does it qualify under the "Who is an Insured" section of the Policies.

81.     HDSI does not qualify as an additional insured under the Policies.

82.     Therefore, Sentinel owes no coverage to HDSI for the claims in the Underlying Action.

WHEREFORE, Plaintiff, Sentinel, prays that this Court enter the following relief:

A.     A declaration finding that Sentinel owes no duty to defend and/or indemnify HDSI in the Underlying Action under the Policies; and

B.     For all such just and equitable relief, including costs of this suit.


Respectfully Submitted,


By:     /s/ Michael J. Duffy
            Attorneys for Sentinel Insurance Company, Ltd.


Michael J. Duffy - 6196669 - (michael.duffy@wilsonelser.com)
Wilson Elser Moskowitz Edelman & Dicker LLP
55 W. Monroe Street, Suite 3800
312.704.0550 (Main)

287074884v.1
212313182_1 LAW

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 25, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record in this case by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____ /s/ Michael J. Duffy _____
Attorneys for Sentinel Insurance Company, Ltd.

287074884v.1
212313182_1 LAW