Electronically Filed
Kinnis Williams, Sr.
Circuit Clerk
Nora Sternau
23LA0564
St. Clair County
5/16/2023 4:19 PM
22744113

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

SAROYA ROBERSON, OLABISI
BODUNDE, and NICHOLLE HEADLEY,
individually and on behalf of all others
similarly situated,

               Plaintiffs,

        v.

HDSI EQUIPMENT CORP., an Illinois
corporation, and

HEALTH DATA SYSTEMS, INC., an Illinois
corporation,

               Defendants.

Case No. 23 -LA-0564_____

## CLASS ACTION COMPLAINT

Plaintiffs Saroya Roberson, Olabisi Bodunde, and Nicholle Headley, individually, and on

behalf of all others similarly situated ("Plaintiffs"), by and through their undersigned attorneys,

bring this Class Action Complaint against Defendants HDSI Equipment Corp. and Health Data

Systems, Inc. (collectively, "HDSI") under 735 ILCS 5/2-801, *et seq.* In support of their

Complaint, Plaintiffs state and allege as follows:

## NATURE OF THE CASE

1.    This is a class action for damages arising from HDSI's violations of the Illinois

Biometric Information Privacy Act, 740 ILCS 14/1 *et. seq.* ("BIPA"). HDSI has violated BIPA

by illegally collecting and disseminating Plaintiffs' biometric identifiers and biometric

information ("biometrics") without informed written consent, and are understood to have done

the same to countless other similarly situated individuals.

EXHIBIT A

2.    The Illinois legislature has recognized that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." *Id.*

3.    In response to these concerns, the legislature enacted BIPA, which provides that a private entity may not obtain or possess a person's biometrics unless it: (1) informs that person in writing that biometrics will be collected or stored; (2) informs that person in writing of the specific purpose and length of term for which such biometrics are being collected, stored and used; (3) receives a written release from the person for the collection of his or her biometrics; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying the biometrics it collects or stores. Furthermore, BIPA prohibits private entities from profiting in any way from a person's biometrics.

4.    HDSI holds itself out as "a leading provider of software solutions across the long term care industry." It claims that it "delivers a total suite of solutions to meet the growing needs of long term care providers," and that it "anticipate[s] and solve[s] regulatory requirements and changes."

5.    HDSI's business includes providing long-term care facilities with software and hardware that allows them to scan the fingerprints of their employees for tracking time spent working or other purposes ("Fingerprint Scanners"). When the Fingerprint Scanners are used, HDSI collects the information that is acquired. Under BIPA, "scan[s]" of "fingerprint[s]" or

2

"hand[s]" are biometrics, 740 ILCS 14/10, so HDSI cannot collect the information acquired

through its Fingerprint Scanners unless BIPA is complied with.

6.      Yet, as described further in this Complaint, HDSI does not comply with BIPA. It has

collected the biometrics of hundreds or thousands of Illinois citizens, many of whom never

purposefully involved themselves with HDSI or had any idea that it was collecting their

biometrics.

7.      Plaintiffs bring this action on behalf of themselves and all others similarly situated

(the "Class") to recovery the statutory damages that BIPA authorizes for its violations.

## PARTIES

8.      Plaintiff Saroya Roberson is, and at all times relevant to this action was, a

resident citizen of Illinois.

9.      Plaintiff Olabisi Bodunde is, and at all times relevant to this action was, a

resident citizen of Illinois.

10.     Plaintiff Nicholle Headley is, and at all times relevant to this action was, a

resident citizen of Illinois.

11.     Defendant HDSI Equipment Corp. is an Illinois corporation with its principal

place of business in Cook County, Illinois. It may be served through its registered agent, Richard

Gammon, at 1515 E. Woodfield Road, Suite 104, Schaumberg, Illinois 60173.

12.     Defendant Health Data Systems, Inc., is an Illinois corporation with its principal

place of business in Cook County, Illinois. It may be served through its registered agent, William

B. Gammon, at 1501 E. Woodfield Road, #114E, Schaumberg, Illinois 60173.

3

## JURISDICTION AND VENUE

13.     This Court has general personal jurisdiction over Defendants because Defendants are Illinois corporations with their principal places of business in Illinois. Further, this Court has personal jurisdiction over Defendants under 735 ILCS 5/2-209(a)(1) and (7) because Defendants, by themselves or through agents, have transacted business in this State and made or performed contracts or promises substantially connected with this state as described in paragraphs 21 through 23 below and elsewhere in this Complaint.

14.     Venue is proper in this county under 735 ILCS 5/2-101 because the transaction or some part thereof out of which these causes of action arose occurred in St. Clair County, Illinois, as described in paragraphs 19, 21, and 26 below and elsewhere in this Complaint.

## FACTS COMMON TO ALL COUNTS

### *BIPA Regulates the Use of Illinois Citizens' Biometrics*

15.     In 2008, the Illinois legislature enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276.

16.     BIPA Section 15(a) provides that

[a] private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

17.     Under BIPA Section 15(b), it is unlawful for a private entity to

collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

4

(1) informs the subject … in writing that a biometric identifier or biometric information is being collected or stored;

(2) informs the subject … in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used: and

(3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/15(b).

18.     As described throughout this Complaint, HDSI violated BIPA Section 15(a) by failing to provide a publicly-available written policy regarding its schedule and guidelines for retaining and permanently destroying biometrics. HDSI also violated all three prongs of BIPA Section 15(b) by collecting biometrics without informed written consent. And HDSI violated BIPA Section 15(d) by transmitting (disseminating) the biometrics it possesses to other third parties without the subject's consent.

***HDSI Knowingly Markets Its Fingerprint Scanners as Biometric-Collecting Devices***

19.     HDSI markets its Fingerprint Scanners as part of what it calls its "Time and Attendance Module." The Time and Attendance Module page on HDSI's website[1] is reproduced below:

---

[1] http://www.healthdatasystems.com/solutions_chart/time.html.

5

PCN: 30014202306012006703 DCN: 30014202306012006703001 Received Date/Time: 6/1/2023 4:07:55 PM Page 10 of 30



## Time and Attendance

HDSI's Time and Attendance Module seamlessly integrates into our payroll module to quickly and accurately to assist in completing your payroll. With the use of a biometric reader you are ensured that no employee can punch for another. This in turn, eliminates time fraud and reduces payroll costs. Because a person's hand is unique, a biometric time clock provides a quick, accurate, and reliable way to record punches for an employee.

* Integration with web based scheduling platform
* Automatic calculation of elapsed hours by employee
* Eliminates Buddy-Punching
* Restrict employee punching outside of schedule time
* Ability to override restrictions and enter missed punches
* Multiple classifications of overtime, rounding of time, and lunch indicators, assigned by employee
* Daily reporting of various exceptions, i.e., failure to time in, failure to time out, early time in, questionable overtime, lunchtime variance, etc.
* Daily report of regular and overtime hours by employee within department
* Time card summary printout on employee paycheck
* Daily tardy report

back

20.     HDSI is clear in telling its prospective customers that the Time and Attendance

Module collects biometrics. Indeed, HDSI touts the fact that biometrics are unique to an

individual—the very reason they are protected under BIPA—as a selling point. As HDSI puts it,

"[b]ecause a person's hand is unique, a biometric time clock provides a quick, accurate, and

reliable way to record punches for an employee."[2]

### *HDSI Collected Plaintiffs' Biometrics Without Their Consent*

21.     Plaintiffs have each worked at long-term care facilities that used HDSI's

Fingerprint Scanners. Specifically:

a.     Plaintiff Saroya Roberson worked at Symphony Sycamore Village, located

at 225 Castellano Drive, Swansea, Illinois 62226.

b.     Plaintiff Olabisi Bodunde worked at Symphony of South Shore, located at

2425 E. 71st Street, Chicago, Illinois 60649; Symphony of Morgan Park,

---

[2] *Id.*

6

located at 10935 South Halsted Street, Chicago, Illinois 60628; Symphony at 87th Street, located at 2940 W. 87th Street, Chicago, Illinois 60652; and Symphony of Bronzeville, located at 3400 S. Indiana Avenue, Chicago, Illinois 60616.

    c.    Plaintiff Nicholle Headley worked at Symphony of Evanston, located at 820 Foster Street, Evanston, Illinois 60201.

22.    Each of the long-term care facilities at which Plaintiffs worked are part of the Symphony Post Acute Network ("SPAN"), a trade name used by a management entity called Maestro Consulting Services, LLC ("Maestro"). Maestro conducts, controls, and orchestrates the activities of the long-term care facilities within SPAN, including those facilities at which Plaintiffs worked. The facilities at which Plaintiffs worked collectively are referred to as the "SPAN Facilities."

23.    Upon information and belief, in or around 2012, HDSI contracted with Maestro (or its predecessor or an affiliated entity) for Maestro to use HDSI's Fingerprint Scanners at each of the SPAN Facilities.

24.    Upon information and belief, HDSI integrated its system (including the Fingerprint Scanners) with Maestro's system through a wide area network (WAN) such that HDSI's system sends information to a central server hosted at Maestro's corporate headquarters.

25.    Maestro and the SPAN Facilities required Plaintiffs and their other employees to use the Fingerprint Scanners at the SPAN Facilities where they worked to "clock in" and "clock out" of their work shifts.

7

26.     Upon information and belief, each time that Plaintiffs (or other employees at the SPAN Facilities) used the Fingerprint Scanners to clock in our out, HDSI collected the Plaintiffs' biometrics through the Fingerprint Scanners and transmitted them to Maestro's central server.

27.     Plaintiffs were never informed that HDSI was collecting or transmitting their biometrics.

28.     Plaintiffs never gave HDSI consent to collect or transmit their biometrics.

**HDSI Has Collected the Biometrics of Countless Other Illinois Citizens**

29.     Upon information and belief, HDSI has contracted for Maestro to use its Fingerprint Scanners to collect biometrics at other Illinois facilities within SPAN in addition to those at which Plaintiffs worked.

30.     Further, upon information and belief, HDSI has contracted for other Illinois long-term care facilities that are not within SPAN to use its Fingerprint Scanners to collect biometrics.

**HDSI's Collection and Use of Biometrics Violates BIPA**

31.     HDSI's practices of collecting Illinois' citizens biometrics violates BIPA Sections 15(a), (b)(1)–(3), and (d).

32.     **BIPA Section 15(a).** HDSI possesses biometrics, but does not make available to the public a written policy that establishes a retention schedule and guidelines ensuring that the biometrics it collects are destroyed when the initial purpose for collecting them has been satisfied or within three years of the individual's last interaction with HDSI, whichever comes first. Indeed, the biometrics that HDSI collects include those of individuals who never knowingly interact with HDSI. HDSI therefore violates BIPA Section 15(a).

33.     **BIPA Section 15(b)(1).** HDSI collects, captures, or otherwise obtains biometrics without first informing the subject (or the subject's legally authorized representative) in writing that biometrics are being collected. HDSI therefore violates BIPA Section 15(b)(1).

8

34.     **BIPA Section 15(b)(2).** HDSI collects, captures, or otherwise obtains biometrics without first informing the subject (or the subject's legally authorized representative) in writing of the specific purpose and length of term for which the biometrics are being collected. HDSI therefore violates BIPA Section 15(b)(2).

35.     **BIPA Section 15(b)(3).** HDSI collects, captures, or otherwise obtains biometrics without first receiving from the subject (or the subject's legally authorized representative) an executed written release. HDSI therefore violates BIPA Section 15(b)(3).

36.     **BIPA Section 15(d).** HDSI possesses biometrics and transmits (disseminates) them to Maestro or other third parties without the consent of the subject (or the subject's legally authorized representative), and without any other purpose authorized under BIPA Section 15(d). HDSI therefore violates BIPA Section 15(d).

## CLASS ALLEGATIONS

37.     This action is brought under 735 ILCS 5/2-801 by the named Plaintiffs on their own behalf and on behalf of a proposed Class of all other persons similarly situated, defined as follows:

> All Illinois residents whose biometric information or biometric identifiers were collected, captured, purchased, received through trade, or otherwise obtained by HDSI Equipment Corp. or Health Data Systems, Inc.

38.     The Class is so numerous that the individual joinder of all members is impracticable. While the exact number of Class members presently is unknown to Plaintiffs, it is ascertainable by appropriate discovery or is known or available to HDSI. Upon information and belief, the class includes thousands of members.

39.     Common questions of law or fact arising from HDSI's conduct exist as to all members of the Class. These common questions include, without limitation:

9

     a.     Whether HDSI captured, collected, stored or disseminated the biometrics of Plaintiffs or the Class members.

     b.     Whether HDSI informed Plaintiffs or the Class members in writing that their biometrics were being captured, collected, stored, or disseminated.

     c.     Whether HDSI informed in writing Plaintiffs or the Class members of the specific purpose and length of term for which their biometrics were being captured, collected, stored, or disseminated.

     d.     Whether HDSI received from Plaintiffs, the Class members, or their legally authorized representative an executed written release before HDSI captured, collected, stored, or disseminated their biometrics.

     e.     Whether HDSI developed and made available to the public a written policy establishing a retention schedule and guidelines for permanently destroying biometrics at the earlier of the time when the initial purpose for collecting or obtaining the biometrics was satisfied or within three years of an individual's last interaction with HDSI.

40.     Class treatment provides a fair and efficient method for the adjudication of the controversy described in this Complaint because the controversy affects a large number of persons. Class treatment therefore provides an appropriate and effective method for Plaintiffs and Class members to assert their claims in a manner that can fairly be managed without unnecessary expense or duplication. The expense and burden of individual litigating the claims of each Class member is impracticable and would waste judicial resources.

41.     Furthermore, class treatment allows litigation of claims that, given the expenses of litigation, likely would be insufficient in monetary value to support separate actions. Class treatment allows litigation to be conducted in a single forum, which aids judicial economy and efficiency, promotes parity among the claims of individual Class members, and results in judicial consistency.

42.     In contrast, the prosecution of separate actions by individual members of the Class would create a risk of:

PCN: 30014202306012006703 DCN: 30014202306012006703001 Received Date/Time: 6/1/2023 4:07:55 PM Page 15 of 30

     a.    inconsistent or varying adjudications with respect to individual members of the Class; and

     b.    adjudication with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interest.

43.    Plaintiffs will fairly and adequately protect the interests of the Class that they represent. Plaintiffs' interests as the Class representatives are consistent with those of the Class members.

44.    Plaintiffs are represented by counsel experienced in class action and other complex litigation.

45.    Plaintiffs and their counsel envision no difficulties in managing this case as a class action.

**COUNT I – VIOLATION OF BIPA SECTION 15(a)**
**740 ILCS 14/15(a)**
**Failure to Develop Publicly-Available Policy**
**(On Behalf of Plaintiffs and the Class)**

46.    Plaintiffs incorporate all preceding allegations as if fully set forth herein.

47.    BIPA Section 15(a) requires private entities in possession of biometrics to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

48.    HDSI is a "private entity" as defined in BIPA Section 10 [740 ILCS 14/10] in that HDSI Equipment Corp. and Health Data Systems, Inc., are Illinois corporations, and neither are or include a State or local government agency.

11

49.     HDSI possesses the biometrics of Plaintiffs and the Class members as described throughout this Complaint.

50.     HDSI never has developed a publicly-available written policy that complies with the requirements of BIPA Section 15(a).

51.     HDSI's possession of Plaintiffs' and the Class members' biometrics without having developed a publicly-available written policy that complies with the requirements of BIPA Section 15(a) violates BIPA Section 15(a).

52.     Plaintiffs and the Class members are aggrieved by HDSI's possession of their biometrics without having developed a publicly-available written policy that complies with the requirements of BIPA Section 15(a).

53.     As a direct result of HDSI's violations of BIPA Section 15(a), Plaintiffs and the Class members are entitled to statutory damages as set forth in BIPA Section 20 [740 ILCS 14/20].

**COUNT II – VIOLATION OF BIPA SECTION 15(b)(1)**
**740 ILCS 14/15(b)(1)**
**Failure to Inform of Collection**
**(On Behalf of Plaintiffs and the Class)**

54.     Plaintiffs incorporate all preceding allegations as if fully set forth herein.

55.     BIPA Section 15(b)(1) makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored." 740 ILCS 14/15(b)(1).

56.     HDSI is a "private entity" as defined in BIPA Section 10 [740 ILCS 14/10] in that HDSI Equipment Corp. and Health Data Systems, Inc., are Illinois corporations, and neither are or include a State or local government agency.

12

57.   HDSI collected the biometrics of Plaintiffs and the Class members as described throughout this Complaint.

58.   HDSI collected the biometrics of Plaintiffs and the Class members without first informing in writing Plaintiffs or the Class members that their biometrics were being collected.

59.   HDSI's collection of Plaintiffs' and the Class members' biometrics without first informing them in writing violates BIPA Section 15(b)(1).

60.   Plaintiffs and the Class members are aggrieved by HDSI's collection of their biometrics without having first informed them in writing as required under BIPA Section 15(b)(1).

61.   As a direct result of HDSI's violations of BIPA Section 15(b)(1), Plaintiffs and the Class members are entitled to statutory damages as set forth in BIPA Section 20 [740 ILCS 14/20].

**COUNT III – VIOLATION OF BIPA SECTION 15(b)(2)**
**740 ILCS 14/15(b)(2)**
**Failure to Inform of Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

62.   Plaintiffs incorporate all preceding allegations as if fully set forth herein.

63.   BIPA Section 15(b)(2) makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: . . . (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2).

64.   HDSI is a "private entity" as defined in BIPA Section 10 [740 ILCS 14/10] in that HDSI Equipment Corp. and Health Data Systems, Inc., are Illinois corporations, and neither are or include a State or local government agency.

65.   HDSI collected the biometrics of Plaintiffs and the Class members as described throughout this Complaint.

13

66.     HDSI collected the biometrics of Plaintiffs and the Class members without first informing in writing Plaintiffs or the Class members of the specific purpose and length of term for which their biometrics were being collected.

67.     HDSI's collection of Plaintiffs' and the Class members' biometrics without first informing them in writing of the specific purpose and length of term for which their biometrics were being collected violates BIPA Section 15(b)(2).

68.     Plaintiffs and the Class members are aggrieved by HDSI's collection of their biometrics without having first informed them in writing of the specific purpose and length of term for which their biometrics were being collected as required under BIPA Section 15(b)(2).

69.     As a direct result of HDSI's violations of BIPA Section 15(b)(2), Plaintiffs and the Class members are entitled to statutory damages as set forth in BIPA Section 20 [740 ILCS 14/20].

**COUNT IV – VIOLATION OF BIPA SECTION 15(b)(3)**
**740 ILCS 14/15(b)(3)**
**Failure to Obtain Written Release**
**(On Behalf of Plaintiffs and the Class)**

70.     Plaintiffs incorporate all preceding allegations as if fully set forth herein.

71.     BIPA Section 15(b)(3) makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative." 740 ILCS 14/15(b)(3).

72.     HDSI is a "private entity" as defined in BIPA Section 10 [740 ILCS 14/10] in that HDSI Equipment Corp. and Health Data Systems, Inc., are Illinois corporations, and neither are or include a State or local government agency.

14

73.     HDSI collected the biometrics of Plaintiffs and the Class members as described throughout this Complaint.

74.     HDSI collected the biometrics of Plaintiffs and the Class members without first having obtained a written release executed by them or their authorized legal representative.

75.     HDSI's collection of Plaintiffs' and the Class members' biometrics without first having obtained an executed written release violates BIPA Section 15(b)(3).

76.     Plaintiffs and the Class members are aggrieved by HDSI's collection of their biometrics without first having obtained an executed written release as required under BIPA Section 15(b)(3).

77.     As a direct result of HDSI's violations of BIPA Section 15(b)(3), Plaintiffs and the Class members are entitled to statutory damages as set forth in BIPA Section 20 [740 ILCS 14/20].

### COUNT V – VIOLATION OF BIPA SECTION 15(d)
### 740 ILCS 14/15(d)
### Disclosing, Redisclosing, or Disseminating Biometrics
### (On Behalf of Plaintiffs and the Class)

78.     Plaintiffs incorporate all preceding allegations as if fully set forth herein.

79.     BIPA Section 15(d) makes it unlawful for any private entity in possession of a biometric identifier or biometric information to disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless" the subject of the biometrics or the subject's legally authorized representative consents, or the private entity is acting under one of the other statutorily-authorized bases under BIPA Section 15(d)(2)–(4). 740 ILCS 14/15(d).

80.     HDSI is a "private entity" as defined in BIPA Section 10 [740 ILCS 14/10] in that HDSI Equipment Corp. and Health Data Systems, Inc., are Illinois corporations, and neither are or include a State or local government agency.

15

81.     HDSI collected the biometrics of Plaintiffs and the Class members as described throughout this Complaint.

82.     HDSI disseminated the biometrics of Plaintiffs and the Class members to third parties as described throughout this Complaint without consent or another statutorily-authorized purpose.

83.     Plaintiffs and the Class members are aggrieved by HDSI's dissemination of their biometrics without first having obtained consent or having a statutorily-authorized purpose as required under BIPA Section 15(d).

84.     As a direct result of HDSI's violations of BIPA Section 15(d), Plaintiffs and the Class members are entitled to statutory damages as set forth in BIPA Section 20 [740 ILCS 14/20].

## PRAYER FOR RELIEF

Plaintiffs, individually and on behalf of the proposed Class, respectfully requests the following relief with respect to each and every count alleged above:

A.     certification of this action as a class action under 735 ILCS 5/2-801 *et seq.* and appointment of the undersigned as class counsel;

B.     a declaration that HDSI's conduct described throughout this Complaint violates BIPA Sections 15(a), (b)(1)–(3), and (d);

C.     injunctive and equitable relief as is necessary to protect Plaintiffs and the proposed Class from HDSI's ongoing violations of BIPA Sections 15(a), (b)(1)–(3), and (d);

D.     statutory damages in the amount of $5,000.00 for each and every intentional or reckless violation of BIPA, as allowed under BIPA Section 20(2), and statutory damages in the amount of $1,000.00 for each and every negligent violation of BIPA, as allowed under BIPA Section 20(1);

16

    E.    their reasonable attorneys' fees and costs, including expert witness fees and other

litigation expenses, as allowed under BIPA Section 20(3) or other applicable law;

    F.    such other relief as the Court deems just and appropriate.

**AFFIDAVIT**

This affidavit is made pursuant to Supreme Court Rule 222(b). Under penalties of perjury

as provided by §1-109 of the Code of Civil Procedure, the undersigned certifies that the money

damages sought by the plaintiffs herein exceeds $50,000.00.

Dated: May 16, 2023

Respectfully Submitted,

**THE DRISCOLL FIRM, LLC**

By:    */s/ John J. Driscoll*
        John J. Driscoll, #6276464
        1311 Avenida Juan Ponce de Leon, 6th Floor
        San Juan, Puerto Rico 00907
        Phone: (314) 222-2605
        Fax: (314) 932-3233
        john@jjlegal.com

**THE DRISCOLL FIRM, P.C.**
Matthew J. Limoli, #6328051
Paul W. Johnson, #6193774
211 N. Broadway, Suite 4050
St. Louis, Missouri 63012
Phone: (314) 932-3232
Fax: (314) 932-3233
matthew@thedriscollfirm.com
paul@thedriscollfirm.com

*Attorneys for Plaintiffs*

17
